John P. Schaedel (SBN 181209)
Rebecca S. Raizman (SBN 274232)
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101
Telephone: (626)440-0022
Facsimile: (626)628-1725
jack_schaedel@gshllp.com

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC (erroneously
sued as UNIVERSAL CITY STUDIOS, LLC and/or
UNIVERSAL STUDIOS HOLLYWOOD, INC.)
and NBCUNIVERSAL, LLC

FILED
CLERK, U.S. DISTRICT COURT

AUG – 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

HEIDI HORST,

        Plaintiff,

    vs.

UNIVERSAL CITY STUDIOS, LLC, a
corporation; UNIVERSAL STUDIOS
HOLLYWOOD, INC., a corporation;
NBCUNIVERSAL, LLC, a corporation;
NBCUNIVERSAL, a corporation;
JOSHUA ACEVES, an individual; KEVIN
ACEVES, an individual; and DOES 1-100,
inclusive,

        Defendants.

Case No.: CV13- 5559 RSWL(AJWx)

DEFENDANTS' NOTICE OF
REMOVAL (FEDERAL QUESTION
JURISDICTION)

Complaint Filed: June 21, 2013
Trial Date: None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendants UNIVERSAL CITY STUDIOS LLC (erroneously sued as UNIVERSAL CITY STUDIOS, LLC and/or UNIVERSAL STUDIOS HOLLYWOOD, INC.) and NBCUNIVERSAL, LLC ("Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331, 1441(c), and 1446 and the provisions of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, and state the following grounds for removal to the United States District Court for the Central District of California:

1.       Plaintiff Heidi Horst ("Plaintiff") commenced this action on or about June 21, 2013, by filing an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*Heidi Horst v. Universal City Studios, LLC, et al.*" Case No. BC 512798.  A true and correct copy of the Summons and Complaint and all other process and pleadings in this matter are attached hereto as Exhibit "A" and incorporated herein by reference.

2.       The Complaint contains six purported causes of action asserting that Defendants violated various California laws. Specifically, the Complaint alleges the following theories of liability in connection with Plaintiff's employment: (1) Sexual Harassment, Discrimination, Retaliation, Failure to Prevent Harassment, and Failure to Investigate Harassment in Violation of the Fair Employment and Housing Act ("FEHA"), California Government Code Section 12940 *et seq.*; (2) Sexual Assault and Battery; (3) Retaliation and Wrongful Termination in Violation of Public Policy; (4) Intentional Infliction of Emotional Distress; (5) Retaliation and Wrongful Termination in Violation of California Labor Code Section 6310; and (6) Violation of Civil Rights under California Civil Code Sections 51.7 and 52.1.

3.       This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court

1

pursuant to the provisions of 28 U.S.C. § 1441(c) in that original jurisdiction is founded on a claim or right arising under, and preempted by, the LMRA and presents a federal question.

4. Universal Studios Hollywood ("USH") is a themed amusement park located in Universal City, California. (Declaration of Melissa Lopez ("Lopez Decl."), p. 1, ¶¶ 1, 3.) The amusement park includes rides, shows, and other attractions, including USH's House of Horrors ("UHOH"). (Lopez Decl., p. 1, ¶ 3.) UHOH is an indoor walking maze, akin to a haunted house, and filled with characters from famous horror films that scare the guests as they walk through the maze. (Lopez Decl., p. 1, ¶ 3.)

5. Plaintiff has been employed as a performer at USH since on or about June 26, 2010. (Lopez Decl., p. 3, ¶ 11.) Plaintiff worked as a performer at UHOH. (Complaint, ¶ 1.) UHOH performers are represented by the American Guild of Variety Artists ("AGVA"). (Lopez Decl., p. 1, ¶ 3.) As a performer at UHOH, the terms and conditions of Plaintiff's employment with USH were governed by the collective bargaining agreement between USH and AGVA. (Lopez Decl., p. 1, ¶ 3.)

6. USH and AGVA are parties to a successive collective bargaining agreement (the "AGVA CBA") covering the employment of certain performer roles at USH, which has been in force for the duration of Plaintiff's employment and in fact for more than twenty years. (Lopez Decl., p. 1, ¶ 4, Exh. A.) The effective dates of the AGVA CBA are June 1, 2012, through May 31, 2014. (Lopez Decl., p. 1, ¶ 4, Exh. A.)

7. In addition to the AGVA CBA, USH and AGVA also negotiated and reached agreement over certain issues and memorialized those agreements as side letters. (Lopez Decl., p. 1, ¶ 5.) One such letter, dated February 25, 2004 ("Side Letter"), governs procedures related to guest/character altercations. (Lopez Decl., p. 1, ¶ 5, Exh. B.)

8. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees... may be brought

2

in any district court of the United States having jurisdiction of the parties…" 29 U.S.C. § 185(a).  Federal law governs actions concerning the interpretation and enforcement of collective bargaining agreements.  *See United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368 (1990); *Textile Workers Union of Am. v. Lincoln Mills*, 353 U.S. 448 (1957).  Thus Section 301 completely preempts all state law claims that are substantially dependent upon, or require analysis or interpretation of, a collective bargaining agreement.  *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (en banc) ("A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.").  Complete preemption ensures the uniform interpretation of labor agreements, avoids conflicting substantive interpretations, and prevents prolonged disputes regarding interpretation.  *See Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-104 (1962).  Furthermore, because Section 301 preempts state law claims that allege a violation of a collective bargaining agreement or require interpretation of the same, the United States District Court has original jurisdiction over such claims and state law actions may be properly removed. *Ramirez v. Fox Television Studios, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993).

9.   Plaintiff's First and Second Causes of Action require interpretation and application of the AGVA CBA because they allege sexual harassment and sexual assault and battery involving UHOH guests, failure to prevent harassment, and failure to investigate harassment.  (Complaint, ¶ 1.)  The AGVA CBA directly addresses the procedures for ensuring employee safety in the event that a guest harasses or abuses an employee.  (Lopez Decl., p. 5, ¶ 6, Exh. A, p. 29, Art. 24 ¶ A.)  The AGVA CBA Article 25 addresses additional procedures for ensuring employee safety, including but not limited to the existence and operation of a UHOH Safety Committee to address safety concerns within the attraction's maze.  (Lopez Decl., p. 2, ¶ 6, Exh. A, p. 30, Art. 25 ¶¶

A, E.)  The Side Letter also contains the policies and procedures to be followed when USH investigates guest/character altercations.  (Lopez Decl., p. 2, ¶ 7, Exh. B, p. 1.) Specifically, the Side Letter provides that in the event of a guest/character altercation, Incident Command will interview the character for her perspective of the incident and how the character would like the company to respond.  (Lopez Decl., p. 2, ¶ 7, Exh. B, p. 1.)  The Side Letter also includes procedures regarding follow up with the character after completion of the investigation and incident resolution.  (Lopez Decl., p. 2, ¶ 7, Exh. B, pp. 1-2.)

10.     Plaintiff was involved in an altercation with a guest in the UHOH in July 2012.  (Lopez Decl., p. 3, ¶ 12.)   USH subsequently investigated the incident and issued discipline.  (Lopez Decl., p. 3, ¶ 12, Exh. C.)  Plaintiff also claims that Defendants permitted Plaintiff and her coworker performers to be subjected to physical abuse by UHOH patrons and that Defendants failed to take action, conduct investigations, or implement adequate security.  (Complaint, ¶¶ 1, 12, 16.)  Plaintiff's allegations necessarily demand interpretation and application of the AGVA CBA, including its provisions pertaining to crowd control and safety, and of the Side Letter involving the investigation of guest-character altercations, in order to analyze the appropriateness of Defendants' response to Plaintiff's and other performers' alleged complaints according to the terms and conditions of the AGVA CBA and Side Letter.

11.     Plaintiff's First and Second Causes of Action regarding sexual harassment, failure to investigate harassment, and retaliation also require interpretation and application of the AGVA CBA because the AGVA CBA contains a comprehensive grievance and arbitration procedure.  (Lopez Decl., p. 2, ¶ 8, Exh. A., p. 36, Art. 28.) Under the AGVA CBA, a grievance is a dispute or controversy asserted by any covered employee which pertains to the "application of, interpretation of, enforcement of, or compliance with the provisions of the [AGVA CBA]" and which specifies the procedures for processing grievances.  (Lopez Decl., p. 2, ¶ 8, Exh. A, p. 36, Art. 28.)  Furthermore,

DEFENDANTS' NOTICE OF REMOVAL

the AGVA CBA provides that this grievance procedure is "the sole and exclusive method of settling all claims, grievances, or controversies arising out of the terms of the [AGVA CBA]." (Lopez Decl., p. 2, ¶ 8, Exh. A, p. 36, Art. 28. ¶ D.)  The AGVA CBA also contains provisions regarding management's rights, including the scope of USH's business to include the right to hire, discharge, and discipline personnel for proper cause subject to the terms of the AGVA CBA. (Lopez Decl., p. 3, ¶ 10, Exh. A, p. 41, Art. 32.) These management rights provisions also designate USH's role as the exclusive judge of all matters pertaining to its facilities' operations and schedule of its workforce. (Lopez Decl., p. 3, ¶ 10, Exh. A, p. 41, Art. 32.)

12.    On August 9, 2012, Plaintiff was issued a disciplinary written warning as a result of a July 2012 incident that Plaintiff had with a guest in the UHOH. (Lopez Decl., p. 3, ¶ 12, Exh. C.)  After the discipline was issued, Plaintiff's AGVA representative, Allison Donnelly, contacted Melissa Lopez and advised her that Plaintiff disagreed with her discipline, had other concerns related to her job, and that AGVA wanted to investigate whether USH had complied with the Side Letter. (Lopez Decl., p. 3, ¶ 13, Exh. D.) Ms. Donnelly then advised that AGVA intended to file a grievance on behalf of Plaintiff pursuant to the AGVA CBA grievance procedure. (Lopez Decl., p. 3, ¶ 13, Exh. D.) Plaintiff also submitted medical documentation that she was unable to work, and as a result Ms. Donnelly requested, and Ms. Lopez granted, an extension for AGVA to file a grievance regarding the discipline until fifteen days after Plaintiff and AGVA had an opportunity to meet and discuss the matter. (Lopez Decl., p. 3, ¶ 13, Exh. D.)  To this date the parties have not been able to meet as Plaintiff has not returned to work. (Lopez Decl., p. 3, ¶ 13.)

13.    Plaintiff's allegations raise the question of whether Defendants have complied with or breached the AGVA CBA grievance procedure.  This series of events arising out of the terms of the AGVA CBA, including Plaintiff's embarking on the exclusive remedy of the grievance process to contest her discipline and engaging Ms.

5

Donnelly and AGVA representation, necessarily mandates interpretation and application of the AGVA CBA in order to adjudicate whether both parties followed the grievance procedure, among other issues.

14.   Plaintiff's First Cause of Action regarding gender discrimination and retaliation regarding UHOH rostering also demands interpretation and enforcement of the AGVA CBA.  The AGVA CBA contains express provisions regarding performer rosters and performer evaluations.  (Lopez Decl., p. 2, ¶ 9.)  Article 30 of the AGVA CBA governs performer scheduling, including but not limited to performance feedback, evaluation eligibility, evaluation criteria, issuing the evaluation, the appeals process if the employee disagrees with an evaluation, and most relevant to this action, roster posting procedures based on the evaluation scores of eligible employees. (Lopez Decl., pp. 2-3, ¶ 9, Exh. A, p. 40, Art. 30, ¶¶ A-G.)

15.   Plaintiff bases her claims for gender discrimination and retaliation in part on her placement on the UHOH performer roster as compared to male employees. (Complaint, ¶¶ 16, 21.)  Plaintiff alleges that USH engaged in a pattern and practice of placing male performers higher on the roster than female performers, and as a result female performers received fewer shifts, less desirable shifts, and less compensation. (Complaint, ¶¶ 14, 21.)  Because Plaintiff's discrimination and retaliation claims hinge on whether Defendants engaged in a pattern and practice of placing male performers higher on the roster than female performers regardless of evaluation scores of eligible employees, this Court must interpret and apply the AGVA CBA policies regarding performer evaluations and their resulting impact on roster hierarchy, shift scheduling, and compensation.  Plaintiff's claims of gender discrimination and retaliation cannot be adjudicated without analyzing these roster and evaluation procedures within the AGVA CBA.

16.   Plaintiff's Fourth Cause of Action for intentional infliction of emotional distress ("IIED") also implicates interpretation and application of the AGVA CBA.  A

DEFENDANTS' NOTICE OF REMOVAL

state law claim for IIED may be preempted if it requires interpretation of a collective bargaining agreement. *See Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir. 1988) (whether a discharge was wrongful depended on whether the collective bargaining agreement governing the employment provided grounds for discharge). Even state law claims such as IIED, which flow from an allegedly wrongful employment action, are preempted if the wrongfulness of the employment action requires interpretation of the collective bargaining agreement. *See Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 323-324 (1972) (dealing with Railway Labor Act preemption involving wrongful discharge).

17.     In her IIED claim, Plaintiff alleges that Defendants' conduct was outrageous because Defendants subjected Plaintiff to sexual harassment, gender discrimination, retaliation, and physical attacks. (Complaint, ¶ 37.) Plaintiff also claims that the outrageous conduct was done with a conscious disregard of Plaintiff's rights. (Complaint, ¶ 38.) Plaintiff's claims flow from allegedly wrongful employment actions, such as but not limited to Plaintiff's August 9, 2012, discipline and her position on the UHOH roster due to her performer evaluation scores. As previously explained above, employee grievances about discipline and the performer roster and evaluation processes necessarily require interpretation of the AGVA CBA in order to determine whether the employment actions taken were indeed wrongful.

18.     Because the aforementioned claims regarding various FEHA allegations, sexual assault and battery, and intentional infliction of emotional distress each require interpretation of the AGVA CBA, those claims are completely preempted by Section 301 of the LMRA and this Court has original federal question jurisdiction over such claims. *Rawson*, 495 U.S. at 368; *Allis-Chalmers*, 471 U.S. at 220; *Cramer*, 255 F.3d at 963. Removal of these claims is thus proper under 28 U.S.C. §§ 1331 and 1441(c) because the federal district courts have original jurisdiction. *Ramirez*, 998 F.2d at 747.

**DEFENDANTS' NOTICE OF REMOVAL**

19.     Because this Court has original jurisdiction over Plaintiff's FEHA, sexual assault and battery, and intentional infliction of emotional distress claims, it has jurisdiction over the entire action because where a plaintiff brings both preempted and non-preempted state law claims as part of the same action, the non-preempted state law claims are also properly removable under 28 U.S.C. § 1367. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n.3 (2003).   Removal of the entire Complaint is thus proper under 28 U.S.C. §§ 1331, 1367, and 1441 as an action in which the federal district courts have original jurisdiction. *Ramirez*, 998 F.2d at 747.

20.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the Complaint by Defendants. The first date on which any of the Defendants was served was July 2, 2013.

21.     The territorial coverage of the United States District Court for the Central District of California embraces the county and court in which the State Court Action is now pending. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

22.     This removal is authorized by Defendants. Defendants are informed and believe, and on that basis allege, that neither of the Aceves defendants in this action have been served. Therefore it is not necessary to obtain any other defendant's consent to, or joinder in, this removal. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) (co-defendants not properly served need not join).

23.     As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to all other parties to this action and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

24.     This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, diversity jurisdiction, and personal jurisdiction.  No admissions of fact, law or

8

1  liability is intended by this Notice of Removal and all defenses, motions, and pleas are

2  expressly reserved.

3       WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, Defendants

4  hereby remove this case from the Superior Court of the State of California for the County

5  of Los Angeles to the United States District Court for the Central District of California,

6  and for such further relief as may be just and proper.

7

8  Dated: July 31, 2013                    GONZALEZ SAGGIO & HARLAN LLP

9

10                                    By: _____
                                          John P. Schaedel
11                                        Attorneys for Defendants UNIVERSAL
                                          CITY STUDIOS LLC (erroneously sued as
12                                        UNIVERSAL CITY STUDIOS, LLC and/or
                                          UNIVERSAL STUDIOS HOLLYWOOD,
13                                        INC.) and NBCUNIVERSAL, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

**EXHIBIT A**

7-2-13
3:10ᵐ

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNIVERSAL CITY STUDIOS, LLC, a corporation;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEIDI HORST

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> **CONFORMED COPY**
> OF ORIGINAL FILED
> Los Angeles Superior Court
>
> **JUN 21 2013**
>
> John A. Clarke, Executive Officer/Clerk
> By _____, Deputy
> DAWN ALEXANDER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 512 798** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nancy L. Abrolat          ~~840 Apollo Street, Suite 100~~, El Segundo, CA 90245          (310) 615-0008

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | | Clerk, by **DAWN ALEXANDER** <br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

6-21-13

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Universal City studios, LLC, a corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |



SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Horst v. Universal City Studios, LLC et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

UNIVERSAL STUDIOS HOLLYWOOD, INC., a corporation; NBCUNIVERSAL, LLC, a corporation; NBCUNIVERSAL, a corporation; JOSHUA ACEVES, an individual; KEVIN ACEVES, an individual; and DOES 1-100, inclusive

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



A6037
91608
Dept #52
(Hon. Susan Bryant-Deason)

ABROLAT LAW PC
1   NANCY L. ABROLAT, SBN 149799
EDWARD E. KIM, SBN 183022
2   The Plaza at Continental Park
840 Apollo Street, Suite 321
3   El Segundo, California 90245
Telephone: (310) 615-0008
4   Facsimile: (310) 615-0009

5   Attorneys for Plaintiff
Heidi Horst
6

**FILED**
Los Angeles Superior Court

JUN 21 2013

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

7

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF LOS ANGELES

12

13   HEIDI HORST,                          CASE NO.

14                      Plaintiff,              **BC 512798**

15   vs.                                  UNLIMITED CIVIL

16   UNIVERSAL CITY STUDIOS, LLC, a       **COMPLAINT FOR COMPENSATORY AND**
corporation; UNIVERSAL STUDIOS        **EXEMPLARY DAMAGES; INJUNCTIVE**
17   HOLLYWOOD, INC., a corporation;      **RELIEF; ATTORNEY'S FEES;**
NBCUNIVERSAL, LLC, a corporation;     **PREJUDGMENT INTEREST**
18   NBCUNIVERSAL, a corporation; JOSHUA
ACEVES, an individual; KEVIN ACEVES,   1. SEXUAL HARASSMENT,
19   an individual; and DOES 1-100, inclusive,     DISCRIMINATION, RETALIATION,
FAILURE TO PREVENT HARASSMENT,
20                      Defendants.                AND FAILURE TO INVESTIGATE
HARASSMENT IN VIOLATION OF THE
21                                                FEHA;
2. SEXUAL ASSAULT & BATTERY;
22                                         3. RETALIATION AND WRONGFUL
TERMINATION IN VIOLATION OF PUBLIC
23                                            POLICY;
4. INTENTIONAL INFLICTION OF
24                                            EMOTIONAL DISTRESS;
5. RETALIATION AND WRONGFUL
25                                            TERMINATION IN VIOLATION OF LABOR
CODE SECTION 6310;
26                                         6. VIOLATION OF CIVIL RIGHTS UNDER
CIVIL CODE SECTIONS 51,7, 52.1
27

28                                         [Jury Trial Requested]

-1-
Complaint for Damages

1

2

3      COMES NOW, Plaintiff Heidi Horst ("Plaintiff") and states and alleges her complaint

4 against Defendants Universal City Studios, LLC, Universal Studios Hollywood, Inc.,

5 NBCUniversal LLC, NBCUniversal (collectively with Does 1-50 "Universal"), Joshua Aceves

6 ("Joshua Aceves"), Kevin Aceves ("Kevin Aceves"), and Does 1-100 (all collectively

7 "Defendants") as follows:

8      1.      This is a Complaint for violations of the California Fair Employment and Housing Act

9 ("FEHA"), California Government Code sections 12920 *et seq.*, Retaliation and Wrongful

10 Termination in Violation of Public Policy, California Labor Code section 6310, Intentional Infliction

11 of Emotional Distress, and Violation of Civil Rights under Civil Code sections 51.7 and 52.1.

12 Universal employed Plaintiff as a performer at its amusement park attraction, The House of Horrors

13 ("HOH").  During Plaintiff's employment and following thereafter, Defendants engaged in sexual

14 harassment, gender discrimination and retaliation against Plaintiff, including in the terms and

15 conditions of her employment, due to her gender (female), as well as retaliation because of

16 Plaintiff's complaints of gender-driven, physical, sexual and mental abuse by Universal HOH

17 patrons and Joshua Aceves and Kevin Aceves, co-workers at the Universal City facility.  In addition,

18 during her tenure, Universal shamelessly permitted Plaintiff – and her coworker performers – to be

19 sexually attacked, battered, beaten, kicked, punched and otherwise subjected to physical abuse by

20 the patrons of HOH.  The physical and/or sexual abuse by the patrons that Universal ratified was so

21 wide spread that it was not unusual for performers to be hit by patrons more or less on a daily basis.

22 Plaintiff's complaints fell on deaf ears, as Universal was more interested in making money from the

23 patrons and increasing its profits than complying with the law, which requires employers to provide

24 a safe workplace for its employees to work.  Universal further ratified the gender-driven, physical,

25 sexual and mental abuse of Plaintiff by Defendants Joshua Aceves and Kevin Aceves.  As a result of

26 Plaintiff's complaints of sexual harassment, gender discrimination, physical/sexual/mental abuse and

27 other physical assaults and batteries, Universal retaliated against Plaintiff in terms and conditions of

28 employment, ultimately by wrongfully terminating her employment.

      2.      In October 2012, Plaintiff filed timely complaints against Defendants with the State of

1   California, Department of Fair Employment and Housing ("DFEH"), in which she alleged unlawful

2   harassment, discrimination, and retaliation and has received her right to sue letters.

3

4                                    **JURISDICTION**

5       3.      This court has jurisdiction herein pursuant to California Government Code section

6   12920 *et seq.* Defendants Universal conduct business within Los Angeles County, California, and

7   Defendants' FEHA violations occurred within Los Angeles County.

8

9                                       **PARTIES**

10      4.      At all times material herein, Plaintiff has been a resident of the State of California,

11  County of Los Angeles.

12      5.      Defendants Universal have, at all times material herein, been employers as defined

13  within California Government Code section 12926 *et seq.* and have conducted business in Los

14  Angeles County.

15      6.      Defendants Joshua Aceves and Kevin Aceves have, at all material times herein, been

16  residents of Los Angeles County and whenever their names are mentioned in this Complaint, they

17  are sued individually, and as agents of Universal, who acted in the course and scope of their

18  employment and/or in their individual capacity.

19

20                                  **DOE DEFENDANTS**

21      7.      The full extent of the facts linking the fictitiously designated defendants with the

22  causes of action alleged herein are unknown to Plaintiff at this time.  In addition, the true names and

23  capacities, whether individual, plural, corporate, partnership, associate, or otherwise are also

24  unknown to Plaintiff at this time.  Plaintiff, therefore, designates such defendants as DOES 1-100,

25  inclusive, and sues them under those fictitious names.

26      8.      To the extent such DOE defendants are corporate entities, Plaintiff sues them in that

27  capacity and such corporate entities are responsible for all acts of their employees, agents,

28  representatives and principals as all alleged actions were done within the course and scope of their

    employment.

Abrolat Law pc
Attorneys at Law

-3-

Complaint for Damages

9.   To the extent such DOE defendants are individuals, Plaintiff sues them in that capacity and alleges that they took the actions for the benefit of themselves.

10.   Plaintiff alleges that each and every defendant designated as DOE was responsible for the events referred to therein and in some manner caused injuries to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious defendant is so responsible and will ask leave of Court to amend this Complaint to show their respective true names and capacities when ascertained.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

11.   Universal hired Plaintiff as a full-time performer at their Universal City amusement park's attraction, The House of Horrors (HOH), in or around June 2010. The HOH is a haunted house attraction of which the patrons walk through a decorated maze to see the performers. The performers are each dressed in costumes of various recognizable monsters and other scary creatures known from film and television, such as the Mummy, Chucky, Mother Bates, etc. They are tasked with frightening the patrons as they wind through a darkened maze which is decorated with gory effects. Plaintiff typically played the role of Lucy the Bride, although sometimes she acted in the role of the Mummy.

12.   Universal imposed fairly strict rules on the performers. Under these rules, Universal prohibited the performers from touching the patrons in any manner and forbade the performers from speaking to the patrons.  By contrast, Universal openly allowed the patrons to commit physical and/or sexual assaults and batteries on the performers, which was a regular occurrence. Most performers were sexually attacked, hit, kicked, punched, slapped, or otherwise attacked by patrons on close to a daily basis. Despite full k knowledge of these attacks, Universal failed to take any action towards stopping the on-going attacks. Universal failed to implement adequate security at HOH. Universal also failed to institute any effective systems whereby a patron hitting a performer would be ejected from HOH; rather, Universal expected the performers to tolerate it.  While there were cameras and intercoms throughout the maze that could have been used to improve performer safety, any performer calling for help on the intercom was generally ignored. Moreover, Universal routinely assisted the attackers in escaping the scene of the attack and refused to try to obtain their

1   identity or to require them to face any consequences of their illegal actions.

2        13.    Some patrons assaulted and battered the performers such as Plaintiff because they

3   were scared or did not fully understand the nature of a haunted house and were trying to "defend"

4   themselves. Other patrons went to HOH with the intention of physically abusing – and/or sexually

5   attacking – the performers such as Plaintiff, including by hitting them or sexually groping the female

6   performers like Plaintiff.

7        14.    Universal also engaged in gender discrimination against the female employees.

8   Periodically, Universal sent out a roster showing the hierarchy of the performers. This hierarchy, in

9   turn, determined which performers would be entitled to which shifts. The placement on the roster

10  determined the compensation for the various performers as the hierarchy determined the number of

11  shifts a performer would be entitled to work. Universal engaged in a pattern and practice of placing

12  the male performers higher on the roster, while the female performers were – for the most part –

13  lower on the roster thereby getting fewer shifts, less desirable shifts and less compensation. Rarely

    did Universal move a female performer very high on the roster.

14       15.    Universal also tolerated a sexually hostile work environment created by its male

15  employees against its female employees. Universal permitted and ratified regular, rampant sexually

16  explicit and offensive comments at work, creating a highly hostile work environment. In addition to

17  the sexually repugnant comments, Universal tolerated the male employees and patrons openly

18  engaging in sexual physical assault and battery. For example, Universal ratified Plaintiff being

19  serially sexually assaulted and battered by Josh Aceves, Kevin Aceves and male patrons. In

20  addition, Universal ratified and furthered quid pro quo sexual harassment by allowing Universal's

21  male employees to give preferential treatment to those female employees willing to engage in sexual

22  activity with the favored male employees.

23       16.    Shocked at the highly offensive and criminal conduct that Universal embraced in

24  the name of increased profits, Plaintiff became very vocal about complaining. Plaintiff

25  complained to Universal about the sexual harassment, the gender discrimination and the criminal

26  attacks by the patrons. Universal's response, however, did not include an investigation nor any

27  attempt at corrective action aimed at stopping the illegal conduct. Rather, Universal chose to

28  attempt a cover up of their illegal conduct and to engage in a pattern of retaliation against

Abrolat Law pc
Attorneys at Law

-5-
Complaint for Damages

1   Plaintiff, including demoting her, reducing her pay, wrongfully disciplining her, refusing to

2   provide Plaintiff with a safe work environment, permitting patrons to assault and batter Plaintiff

3   while refusing to take remedial action, permitting Plaintiff to be treated in an openly hostile

4   manner and ostracized, glaring at Plaintiff in a manner designed to make her feel uncomfortable,

5   and ultimately wrongfully terminating her, among other acts of blatant employment retaliation, in

6   the terms and conditions of employment.

7

8   ### FIRST CAUSE OF ACTION

9   **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")**
    **CAL. GOV'T CODE SECTION 12920 *ET SEQ.***
10  **(SEXUAL HARASSMENT, DISCRIMINATION, RETALIATION**
    **FAILURE TO PREVENT SEXUAL HARASSMENT, AND**
11  **FAILURE TO CONDUCT INVESTIGATION)**
    **(AGAINST ALL DEFENDANTS)**
12

13      17.     Plaintiff hereby repeats and realleges each and every allegation contained in each

14  paragraph of this complaint and incorporates same by reference with the same force and effect as

    though set forth in full at this point.

15
        18.     Defendant Universal violated the Fair Employment and Housing Act (FEHA) through
16
    their actions as set forth above, which included, without limitation, a continuing course of conduct
17
    and pattern and practice of sexual harassment, discrimination and retaliation in violation of the
18
    FEHA, Cal. Gov't Code § 12940 *et seq.*
19
        19.     Defendants knowingly created a sexually hostile workplace for female employees,
20
    including Plaintiff, through the actions of male employees such as making repeated and regular
21
    offensive, repulsive comments of a sexual nature, committing sexual assault and battery and sexual
22
    intimidation. Likewise, Universal tolerated and approved sexual physical assaults and batteries
23
    against their female employees by patrons and employees, such as groping of the groin and breasts.
24
    Defendant Joshua Aceves sexually assaulted and battered Plaintiff. Defendant Kevin Aceves made
25
    sexually offensive comments to Plaintiff and sexually assaulted her.
26
        20.     Such misconduct at Universal was so common place that it had the effect of creating a
27
    sexually hostile work environment. Universal also embraced and furthered quid pro quo sexual
28
    harassment.

Abrolat Law pc
Attorneys at Law

21. . Universal, as set forth above, engaged in gender discrimination in terms and conditions of employment by improperly favoring the male employees over the female employees. For example, Universal discriminated against women vis-a-vis their placement on the roster as compared to the male employees, thereby directly and negatively impacting their earning capacity by reducing earnings. Defendants also engaged in quid pro quo sexual harassment.

22. Plaintiff was very vocal in her complaints about the sexual harassment and gender discrimination. As a result of her complaints, Universal engaged in retaliation against Plaintiff, such as, demoting Plaintiff, disciplining Plaintiff, treating Plaintiff in a rude, belittling and hateful manner, dismissing Plaintiff's concerns and complaints without consideration, continuing to expose her to the harmful, discriminatory and violent actions of co-workers and patrons, ultimately terminating Plaintiff and other acts of retaliation in terms and conditions of employment.

23. Universal also violated the FEHA by failing to prevent the sexual harassment and gender discrimination in the first place. Universal is legally required to provide a workplace free from sexual harassment and discrimination, and Plaintiff should have never been subjected to this sexual harassment and discrimination in the first place. Yet, the sexual harassment was so common place, frequent and open that Universal knew of the sexual harassment, but permitted it to continue unabated.

24. Similarly, upon receiving a complaint of sexual harassment, Universal is legally required to conduct a prompt, thorough investigation and to take corrective action which stops the harassment. Plaintiff complained, but Universal did neither. Instead, Universal chose to retaliate against Plaintiff in terms and conditions of employment as set forth herein.

25. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well being has substantially suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

26. Defendants' despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate

Complaint for Damages

1   and oppress Plaintiff; and they had that effect.  Thus, Plaintiff is entitled to punitive damages against

2   all Defendants and DOES 1-100 under California Civil Code § 3294.

3

4   **SECOND CAUSE OF ACTION**

5

6   **SEXUAL ASSAULT AND BATTERY AND
ASSAULT AND BATTERY
(AGAINST ALL DEFENDANTS)**

7       27.   Plaintiff hereby repeats and realleges each and every allegation contained in each

8   paragraph of this complaint and incorporates same by reference with the same force and effect as

9   though set forth in full at this point.

10      28.   Joshua Aceves and Kevin Aceves committed sexual assault and battery and/or assault

11  and battery against Plaintiff through such offensive and egregious acts as:  Joshua Aceves poking

12  Plaintiff in the pubic bone/groin area and Kevin Aceves cornering Plaintiff and holding up and

13  spreading his arms to have his cape prevent Plaintiff's escape, while rapidly gyrating his pelvis in a

14  sexual manner toward Plaintiff and making menacing statements about flashing her.  Universal's

15  HOH patrons also committed sexual assault and battery and assault and battery against Plaintiff

16  during her working hours, and Universal readily and repeatedly ratified these attacks.  Universal,

17  aware of these attacks, did nothing – no investigation, no corrective action.  Rather, Universal, with

18  full knowledge of the molestations, continued to reward Joshua Aceves and Kevin Aceves through

19  continued employment and high ranking on the roster, thereby ratifying the sexual attacks.

20      29.   As a direct and proximate result of Defendants' conduct, Plaintiff's emotional well

21  being has substantially suffered and will continue to suffer; Plaintiff has experienced and continues

22  to experience severe emotional distress, in an amount to be proven at trial.

23      30.   Plaintiff alleges that she has and will continue to suffer substantial losses in earnings,

24  other employment opportunities, employment benefits and/or other damages, the precise amounts to

25  be proven at trial.

26      31.   Defendants' despicable conduct as described herein was malicious and oppressive

27  and done with a conscious disregard of Plaintiff's rights.  Defendants' acts were designed to

28

Abrolat Law pc
Attorneys at Law

1   humiliate and oppress Plaintiff; they had that effect.  Thus, Plaintiff is entitled to punitive damages

2   against Defendants and DOES 1-100 under California Civil Code § 3294.

3

4                              **THIRD CAUSE OF ACTION**

5

6              **RETALIATION AND WRONGFUL TERMINATION IN**
                    **IN VIOLATION OF PUBLIC POLICY**
7                    **(AGAINST DEFENDANTS UNIVERSAL)**

8         32.     Plaintiff hereby repeats and realleges each and every allegation contained in each

9   paragraph of this complaint and incorporates same by reference with the same force and effect as

10  though set forth in full at this point.

11        33.     This cause of action arises under the public policies of the State of California and the

12  United States.  Universal's retaliation against Plaintiff and ultimate termination of her employment

13  due to her public policy complaints was in violation of such public policies, including those set forth

14  in statutes and regulations prohibiting discrimination, harassment and retaliation due to gender or

15  complaints about violations of the FEHA, including, but not limited to the California State

16  Constitution, the California Fair Employment and Housing Act, and similar statutes and regulations,

17  statutes and regulations prohibiting assault and battery and sexual assault and battery, including at

18  the workplace, including, but not limited to, the California Penal Code, the California Civil Code,

19  the California Labor Code and similar statutes and regulations, whistleblower and other anti-

20  retaliation statutes and regulations, statutes and regulations that require an employer to provide a safe

21  workplace for employees, including without limitation, the California Labor Code, and other similar

22  statutes and regulations, among other statutes and regulations.

23        34.     As a direct and proximate result of the Universal's conduct as set forth above,

24  Plaintiff's emotional well being has substantially suffered and will continue to suffer; Plaintiff has

25  experienced and continues to experience severe emotional distress, in an amount to be proven at

26  trial.  Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other

27  employment opportunities, employment benefits and other damages, the precise amounts to be

28  proven at trial.

Abrolat Law ps
Attorneys at Law

Complaint for Damages

35. .    Universal's despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  Universal's acts were designed to humiliate and oppress Plaintiff; and they had that effect.  Universal condoned, ratified and encouraged the unlawful conduct.  Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code Section 3294.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

36.    Plaintiff hereby repeats and realleges each and every allegation contained in each preceding paragraph of this complaint, and incorporates same by reference with the same force and effect as though fully set forth in full at this point.

37.    As described herein, Defendants' conduct toward Plaintiff was outrageous in that said conduct was beyond all bounds of decency.  Defendants subjected Plaintiff to sexual harassment, gender discrimination, retaliation, and physical attacks while she was working and other illegal conduct.

38.    Defendants' despicable and outrageous conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  All said conduct was intentional and done to oppress and humiliate Plaintiff.  Defendants knew that said conduct would cause Plaintiff to suffer severe emotional distress.  Said conduct, in fact, caused Plaintiff to suffer severe emotional distress.  Plaintiff has suffered losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

39.    Plaintiff did not consent to any of the outrageous conduct.  None of the conduct was privileged.  Defendants' committed said acts by asserting their power over Plaintiff with regards to her employment, compensation or other benefits.

40.    As a direct and proximate result of the Defendants' conduct as set forth above, Plaintiff's emotional well being has substantially suffered and will continue to suffer; Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial.  Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other

1   employment opportunities, employment benefits and other damages, the precise amounts to be

2   proven at trial.

3       41.    Defendants' acts were fraudulent and designed to humiliate and oppress Plaintiff and

4   to cause her injury and this conduct had this effect. Thus, Plaintiff is entitled to punitive damages

5   against all Defendants under California Civil Code § 3294.

6

7   ## FIFTH CAUSE OF ACTION

8

9   ### RETALIATION AND WRONGFUL TERMINATION
    IN VIOLATION OF LABOR CODE SECTION 6310
    (AGAINST DEFENDANTS UNIVERSAL)

10       42.    Plaintiff hereby repeats and re-alleges each and every allegation contained in each

11   paragraph throughout this complaint and incorporate same by reference with the same force and

12   effect as though set forth fully at this point.

13       43.    Universal failed to ameliorate known dangerous conditions in the form of criminally

14   violent behavior being perpetrated by Plaintiff's coworkers and Universal's patrons against Plaintiff

15   and her coworkers. Universal's employees and patrons routinely subjected Plaintiff and her

16   coworkers to assaults and batteries as well as sexual assaults and batteries. The physical attacks

17   operated to make Universal's workplace dangerous and unsafe.

18       44.    Plaintiff complained to Universal about these violent physical, felonious attacks,

19   abuse and harassment. Universal, well aware of these criminal, violent attacks, took no action to

20   offer or to ensure protection of Plaintiff and her coworkers. Instead, Universal encouraged further

21   attacks through their conduct.

22       45.    Rather than ameliorate the danger posed by this regularly occurring violence against

23   Plaintiff and her coworkers, Universal retaliated against Plaintiff for complaining of this unsafe

24   workplace created by continuing to permit males on its property to physically attack, strike, grope,

25   molest and otherwise abuse Plaintiff during working hours, contrary to common decency and

26   reasonable standards for workplace safety. By refusing to ameliorate these dangers and unsafe

27   workplace conditions, Universal violated Labor Code section 6310, which prohibits retaliation

28   against an employee as a result of complaints of workplace and employee safety.

Abrolat Law pc
Attorneys at Law

46.   As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff's emotional well being has substantially suffered and will continue to suffer.  Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial.  Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

47.   Defendant's despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  Defendant's acts were designed to humiliate and oppress Plaintiff and they had that effect.  Defendant condoned, ratified and encouraged the unlawful conduct.  Thus, Plaintiff is entitled to punitive damages against Defendant under California Civil Code Section 3294.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS UNDER CIVIL CODE
### SECTIONS 51.7, 52, 52.1
### (AGAINST ALL DEFENDANTS)

48.   Plaintiff hereby repeats and re-alleges each and every allegation contained in each paragraph throughout this complaint and incorporate same by reference with the same force and effect as though set forth fully at this point.

49.   Defendants Joshua Aceves and Kevin Aceves committed multiple acts of assault and battery, as well as sexual assault and battery, against Plaintiff due to her female gender.

50.   Defendants Joshua Aceves and Kevin Aceves otherwise interfered with Plaintiff's enjoyment of her civil rights, which are protected under the laws of the United States and the State of California, through acts of discrimination, intimidation, harassment and retaliation.

51.   Defendants Universal knowingly permitted its patrons to commit multiple acts of assault and battery, as well as sexual assault and battery, against Plaintiff and her coworkers due to their female gender and readily ratified the attacks.

52.   Defendants Universal knowingly permitted its patrons to intimidate Plaintiff and her coworkers with threats of additional violence, including sexual violence due to Plaintiff's and her coworkers' female gender and readily ratified the intimidation.

-12-
Complaint for Damages

53. . Defendants Universal knowingly permitted its patrons to otherwise interfere with Plaintiff's and her coworkers' enjoyment of their civil rights, which are protected under the laws of the United States and the State of California, through acts of discrimination, intimidation, harassment and retaliation, misconduct that Universal readily ratified.

54. Defendants Universal was fully aware of the above acts committed by their patrons and their male employees, such as Defendants Kevin Aceves and Joshua Aceves yet failed to investigate, failed to take corrective actions and failed to prevent foreseeable continuation of the acts which violated Plaintiff's and her coworkers' civil rights.

55. Defendants Universal themselves violated and interfered with Plaintiff's enjoyment of her protected civil rights through their failure to investigate, prevent and ameliorate the above described acts by their patrons and their male employees such as Defendants Joshua Aceves and Kevin Aceves, as well as through affirmative retaliation against Plaintiff, ratified and condoned said acts, and in turn, encouraged and enabled further acts in violation of and in interference with Plaintiff's enjoyment of her civil rights by Universal's patrons and male employees such as Defendants Joshua and Kevin Aceves.

56. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well being has substantially suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

57. Defendant's despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendant's acts were designed to humiliate and oppress Plaintiff and they had that effect. Defendant condoned, ratified and encouraged the unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendant under California Civil Code Section 3294.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants, and each of them, jointly and severally as follows:

1.    That Defendants be ordered to pay Plaintiff compensatory and general damages according to proof at trial;

2.    That Defendants be ordered to pay Plaintiff's prejudgment interest;

3.    That Defendants be ordered to pay Plaintiff's costs of suit;

4.    That this Court award injunctive relief reinstating Plaintiff to the position she held prior to her termination without the violations;

5.    That this Court award injunctive relief enjoining the violations of the FEHA;

6.    That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees pursuant to California law, including the FEHA and Civil Code section 52;

7.    That Defendants be ordered to pay punitive damages;

8.    That this Court order Defendants to pay penalties, interest and any other remedies to Plaintiff pursuant to, without limitation, the California Government Code, California Labor Code and the California Civil Code.

9.    That this Court awards such other and further relief as the Court deems just and proper.

Dated:  June 20, 2013

ABROLAT LAW pc

By: _____

Nancy L. Abrolat
Edward E. Kim
Attorneys for Plaintiff
Heidi Horst

-14-
Complaint for Damages

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Nancy L. Abrolat, SBN 149799
Edward E. Kim, SBN 183022
Abrolat Law pc
840 Apollo Street, Suite 321, El Segundo, CA 90245
TELEPHONE NO.: (310) 615-0008    FAX NO.: (310) 615-0009
ATTORNEY FOR *(Name):* Plaintiff, Heidi Horst

**FOR COURT USE ONLY**

**FILED**
Los Angeles Superior Court

**JUN 21 2013**

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
Horst v. Universal City Studios, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC512798 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 20, 2013
Nancy L. Abrolat
(TYPE OR PRINT NAME)    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

| SHORT TITLE: Horst v. Universal City Studios, LLC, et al. | CASE NUMBER BC 512 798 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 16-19 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort (23) | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

| SHORT TITLE: Horst v. Universal City Studios, LLC, et al. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Horst v. Universal City Studios, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Horst v. Universal City Studios, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>100 Universal City Plaza |
|---|---|
| CITY:<br>Universal City, | STATE:<br>CA | ZIP CODE:<br>91608 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 20, 2013 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC 512 798**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | |
| Hon. John L. Segal | 50 | 508 | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____  JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)         **NOTICE OF CASE ASSIGNMENT –**                 Page 1 of 2
LASC Approved 05-06
For Optional Use                    **UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

*This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.*

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).
3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  **For an Answer to Request for Informal Discovery Conference, briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____        _____
                                                                          JUDICIAL OFFICER

1  John P. Schaedel (SBN 181209)
   Rebecca S. Raizman (SBN 274232)
2  GONZALEZ SAGGIO & HARLAN LLP
   2 North Lake Avenue, Suite 930
3  Pasadena, CA 91101
   Telephone: (626)440-0022
4  Facsimile: (626)628-1725
   jack_schaedel@gshllp.com
5
6  Attorneys for Defendants
   UNIVERSAL CITY STUDIOS LLC (erroneously
7  sued as UNIVERSAL CITY STUDIOS, LLC) and
   NBCUNIVERSAL MEDIA, LLC (erroneously
8  sued as NBCUNIVERSAL, LLC)

9

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 1 2 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF LOS ANGELES

12                         CENTRAL DISTRICT

13  HEIDI HORST,                          Case No.: BC512798

14          Plaintiff,                    *Assigned for all purposes to: Hon. Susan
                                          Bryant-Deason, Dept. 52*
15      vs.
                                          **DEFENDANTS' PEREMPTORY**
16  UNIVERSAL CITY STUDIOS, LLC, a        **CHALLENGE**
    corporation; UNIVERSAL STUDIOS
17  HOLLYWOOD, INC., a corporation;
    NBCUNIVERSAL, LLC, a corporation;     Complaint Filed: June 21, 2013
18  NBCUNIVERSAL, a corporation; JOSHUA   Trial Date: None Set
    ACEVES, an individual; KEVIN ACEVES, an
19  individual; and DOES 1-100, inclusive,

20          Defendants.

21

22

23

24

25

26

27

28

---

**DEFENDANTS' PEREMPTORY CHALLENGE**

1   **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       PLEASE TAKE NOTICE that defendants UNIVERSAL CITY STUDIOS LLC and

3   NBCUNIVERSAL MEDIA, LLC ("Defendants") hereby make this peremptory challenge through

4   counsel to the Honorable Susan Bryant-Deason of Department 52, the Los Angeles County Superior

5   Court Judge assigned to this case on June 21, 2013. A true and correct copy of an Affidavit of Prejudice

6   Peremptory Challenge to Judicial Officer (Code Civ. Proc. § 170.6) form from the Los Angeles County

7   Superior Court executed by John P. Schaedel of Gonzalez Saggio & Harlan LLP, counsel for

8   Defendants, is attached hereto as Exhibit A.

9

10   Dated: July 12, 2013                  GONZALEZ SAGGIO & HARLAN LLP

11

12                            By: _____

13                               John P. Schaedel
                                Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PEREMPTORY CHALLENGE**

**EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | | Reserved for Clerk's File Stamp |
|---|---|---|
| John P. Schaedel                         181209<br>Gonzalez Saggio & Harlan LLP<br>2 N. Lake Ave., Suite 930<br>Pasadena, CA 91101<br>TELEPHONE NO.: 626-440-0022      FAX NO.:<br>ATTORNEY FOR (Name):  Defendants | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. Hill Street
Los Angeles, California 90012

PLAINTIFF:  Heidi Horst

DEFENDANT:  Universal City Studios LLC and
NBCUNIVERSAL MEDIA, LLC

| **AFFIDAVIT OF PREJUDICE**<br>**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC512798 |
|---|---|

| Name of Judicial Officer<br>Susan Bryant-Deason | Dept./Div. Number<br>52 |
|---|---|
| [X] Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California<br>that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br>7/12/13 | Signature of Declarant<br><br>_Jn. P. Schaedel_ | Universal City Studios LLC and<br>NBCUNIVERSAL MEDIA, LLC<br>(NAME OF PARTY)<br>☐ Plaintiff          ☐ Cross Complainant<br>[X] Defendant          ☐ Cross Defendant |

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

NBCUNIVERSAL

Code Civ. Proc., §170.6

1                              **PROOF OF SERVICE**

2   STATE OF CALIFORNIA        )
                                  ) ss.

3   COUNTY OF LOS ANGELES   )

4         I reside in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 2 North Lake Avenue, Suite 930, Pasadena,

5   CA 91101.

6         On July 12, 2013, I served the foregoing document(s) described as: **DEFENDANTS'**

7   **PEREMPTORY CHALLENGE** on the parties in this action as follows:

8   Nancy L. Abrolat                *Attorneys for Heidi Horst*
  Edward E. Kim

9   ABROLAT LAW PC
  The Plaza at Continental Park

10   840 Apollo Street, Suite 321
  El Segundo, CA 90245

11   F: 310-615-0009

12   **XX**___(BY U. S. MAIL)  I enclosed the documents in a sealed envelope addressed to the person(s) at

13   the address(es) above.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on

14   that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

15   cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

16   _____(BY PERSONAL SERVICE) I caused to be delivered the documents listed above to be received and delivered on the same date by the person(s) listed above.

17

18   _____(BY NORCO DELIVERY) I caused said envelope(s) to be delivered overnight via NORCO delivery service in lieu of delivery by mail to the above persons(s).

19

20   _____(BY ELECTRONIC SERVICE) I caused such document(s) to be sent to the above person(s) at the electronic notification address(es) above

21   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22   Executed on July 12, 2013, at Pasadena, California

23

24                                                 Amanda Smith

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/23/13 | DEPT. 52 |
| HONORABLE Susan Bryant-Deason   JUDGE | M.F. LOPEZ   DEPUTY CLERK |
| HONORABLE #10   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| M. CRUZ, C.A.   Deputy Sheriff | NONE   Reporter |

| 8:30 am | BC512798 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | HEIDI HORST VS UNIVERSAL CITY STUDIOS LLC ET A | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

DEFENDANTS UNIVERSAL CITY STUDIOS LLC (erroneously
sued as UNIVERSAL CITY STUDIOS, LLC) and NBCUNIVERSAL
MEDIA, LLC'S (erroneously sued as NBCUNIVERSAL, LLC)
PEREMPTORY CHALLENGE AGAINST THE HONORABLE JUDGE
SUSAN BRYANT-DEASON IN DEPARTMENT 52;

The court reviews and considers defendants' Peremptory
Challenge under Civil Code of Procedure Section 170.6
filed on 07/12/2013.

The defendants' Peremptory Challenge is DENIED.  The
court finds that the Peremptory Challenge is untimely.
There has been no proof of service or response filed
in this action.

Order to show cause re failure to file proof of
service set for 09/06/2013 at 8:30 a.m. in this
department.

Counsel for defendants is to give notice.

            CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
MINUTE ORDER

            Page   1 of   2   DEPT. 52

MINUTES ENTERED
07/23/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/23/13 | | DEPT. 52 |
| HONORABLE Susan Bryant-Deason   JUDGE | M.F. LOPEZ | DEPUTY CLERK |
| HONORABLE #10   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITO |
| M. CRUZ, C.A.   Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC512798 | Plaintiff Counsel | NO APPEARANCES |
| | HEIDI HORST | | |
| | VS | Defendant | |
| | UNIVERSAL CITY STUDIOS LLC ET A | Counsel | |

**NATURE OF PROCEEDINGS:**

upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in LOS ANGELES,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 07/23/2013

John A. Clarke, Executive Officer/Clerk

By: _____
            M.F. LOPEZ


John P. Schaedel, Esq.
Rebecca S. Raizman, Esq.
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101


Page   2 of   2   DEPT. 52

MINUTES ENTERED
07/23/13
COUNTY CLERK

1   John P. Schaedel (SBN 181209)
    Rebecca S. Raizman (SBN 274232)
2   GONZALEZ SAGGIO & HARLAN LLP
    2 North Lake Avenue, Suite 930
3   Pasadena, CA 91101
    Telephone: (626)440-0022
4   Facsimile: (626)628-1725
    jack_schaedel@gshllp.com
5

6   Attorneys for Defendants
    UNIVERSAL CITY STUDIOS LLC (erroneously
7   sued as UNIVERSAL CITY STUDIOS, LLC) and
    NBCUNIVERSAL MEDIA, LLC (erroneously
8   sued as NBCUNIVERSAL, LLC)

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF LOS ANGELES

12                             CENTRAL DISTRICT

13  HEIDI HORST,                          Case No.: BC512798

14          Plaintiff,                    *Assigned for all purposes to: Hon. Susan
                                          Bryant-Deason, Dept. 52*
15      vs.
                                          **NOTICE OF RULING REGARDING
16  UNIVERSAL CITY STUDIOS, LLC, a        DEFENDANTS' PEREMPTORY
    corporation; UNIVERSAL STUDIOS        CHALLENGE**
17  HOLLYWOOD, INC., a corporation;
    NBCUNIVERSAL, LLC, a corporation;
18  NBCUNIVERSAL, a corporation; JOSHUA   Complaint Filed: June 21, 2013
    ACEVES, an individual; KEVIN ACEVES, an   Trial Date: None Set
19  individual; and DOES 1-100, inclusive,

20          Defendants.

21

22

23

24

25

26

27

28

                    NOTICE OF RULING RE DEFENDANTS' PEREMPTORY CHALLENGE

1    **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that Defendants' Peremptory Challenge filed on July 12, 2013, is

3    denied. A true and correct copy of the Minute Order dated July 23, 2013, is attached hereto as Exhibit A.

4    Defendants ordered to give notice.

5

6    Dated: July 31, 2013                           GONZALEZ SAGGIO & HARLAN LLP

7

8                                   By: _____
                                              John P. Schaedel
9                                             Rebecca S. Raizman
                                          Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    1

                        **NOTICE OF RULING RE DEFENDANTS' PEREMPTORY CHALLENGE**

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| **DATE:** 07/23/13 | | **DEPT.** 52 |
| **HONORABLE** Susan Bryant-Deason **JUDGE** | M.F. LOPEZ | **DEPUTY CLERK** |
| **HONORABLE** **#10** **JUDGE PRO TEM** | | **ELECTRONIC RECORDING MONITOR** |
| M. CRUZ, C.A. **Deputy Sheriff** | NONE | **Reporter** |

| 8:30 am | BC512798 | | |
|---|---|---|---|
| | HEIDI HORST | **Plaintiff** **Counsel** | NO APPEARANCES |
| | VS | | |
| | UNIVERSAL CITY STUDIOS LLC ET A | **Defendant** **Counsel** | |

**NATURE OF PROCEEDINGS:**

DEFENDANTS UNIVERSAL CITY STUDIOS LLC (erroneously
sued as UNIVERSAL CITY STUDIOS, LLC) and NBCUNIVERSAL
MEDIA, LLC'S (erroneously sued as NBCUNIVERSAL, LLC)
PEREMPTORY CHALLENGE AGAINST THE HONORABLE JUDGE
SUSAN BRYANT-DEASON IN DEPARTMENT 52;

The court reviews and considers defendants' Peremptory
Challenge under Civil Code of Procedure Section 170.6
filed on 07/12/2013.

The defendants' Peremptory Challenge is DENIED.  The
court finds that the Peremptory Challenge is untimely.
There has been no proof of service or response filed
in this action.

Order to show cause re failure to file proof of
service set for 09/06/2013 at 8:30 a.m. in this
department.

Counsel for defendants is to give notice.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
MINUTE ORDER

Page   1 of   2   DEPT. 52

**MINUTES ENTERED**
07/23/13
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 07/23/13 | | | | DEPT. 52 |
|---|---|---|---|---|
| HONORABLE Susan Bryant-Deason | JUDGE | M.F. LOPEZ | | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITO |
| M. CRUZ, C.A. | Deputy Sheriff | NONE | | Reporter |

| 8:30 am | BC512798 | | | |
|---|---|---|---|---|
| | | Plaintiff Counsel | | |
| | HEIDI HORST | | NO APPEARANCES | |
| | VS | Defendant | | |
| | UNIVERSAL CITY STUDIOS LLC ET A | Counsel | | |

**NATURE OF PROCEEDINGS:**

upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in LOS ANGELES,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 07/23/2013

John A. Clarke, Executive Officer/Clerk

By: _____
            M.F. LOPEZ

John P. Schaedel, Esq.
Rebecca S. Raizman, Esq.
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101

Page   2 of   2   DEPT. 52

MINUTES ENTERED
07/23/13
COUNTY CLERK

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES      )

    I reside in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 2 North Lake Avenue, Suite 930, Pasadena, CA 91101.

    On July 31, 2013, I served the foregoing document(s) described as: **NOTICE OF RULING RE DEFENDANTS' PEREMPTORY CHALLENGE** on the parties in this action as follows:

Nancy L. Abrolat               ***Attorneys for Heidi Horst***
Edward E. Kim
ABROLAT LAW PC
The Plaza at Continental Park
840 Apollo Street, Suite 321
El Segundo, CA 90245
F: 310-615-0009

**XX**    (BY U. S. MAIL) I enclosed the documents in a sealed envelope addressed to the person(s) at the address(es) above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

\_\_\_\_\_(BY PERSONAL SERVICE) I caused to be delivered the documents listed above to be received and delivered on the same date by the person(s) listed above.

_____(BY NORCO DELIVERY) I caused said envelope(s) to be delivered overnight via NORCO delivery service in lieu of delivery by mail to the above persons(s).

_____(BY ELECTRONIC SERVICE) I caused such document(s) to be sent to the above person(s) at the electronic notification address(es) above

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 31, 2013 at Pasadena, California

Amanda Smith

**PROOF OF SERVICE**

00/08/2013   12:19:27 FAX 2132499990          NOTE ON THE LEGAL                        1



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 3 1 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

1   John P. Schaedel (SBN 181209)
    Rebecca S. Raizman (SBN 274232)
2   GONZALEZ SAGGIO & HARLAN LLP
    2 North Lake Avenue, Suite 930
3   Pasadena, CA 91101
    Telephone: (626)440-0022
4   Facsimile: (626)628-1725
    jack_schaedel@gshllp.com
5
6   Attorneys for Defendants
    UNIVERSAL CITY STUDIOS LLC (erroneously
7   sued as UNIVERSAL CITY STUDIOS, LLC and
    UNIVERSAL STUDIOS HOLLYWOOD, INC.) AND
8   NBCUNIVERSAL, LLC

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11                     CENTRAL DISTRICT

12
13  HEIDI HORST,                         Case No.: BC512798
14           Plaintiff,                  *Assigned for all purposes to: Hon. Susan
                                         Bryant-Deason, Dept. 52*
14       vs.
15                                       DEFENDANTS' ANSWER TO
    UNIVERSAL CITY STUDIOS, LLC, a       COMPLAINT
16  corporation; UNIVERSAL STUDIOS
    HOLLYWOOD, INC., a corporation;
17  NBCUNIVERSAL, LLC, a corporation;    Complaint Filed: June 21, 2013
    NBCUNIVERSAL, a corporation; JOSHUA  Trial Date: None Set
18  ACEVES, an individual; KEVIN ACEVES, an
    individual; and DOES 1-100, inclusive,
19
20           Defendants.
21
22
23
24
25
26
27
28

                    DEFENDANTS' ANSWER TO COMPLAINT

BY FAX

Pursuant to Cal. Code Civ. Proc. §431.30(d), Defendants Universal City Studios LLC and NBCUniversal, LLC ("Defendants" or "Answering Defendants") hereby generally and specifically deny, in the conjunctive and disjunctive, each and every allegation of Plaintiff Heidi Horst's unverified Complaint.  These Answering Defendants specifically deny that Plaintiff has been damaged in any form and further specifically deny that Plaintiff is entitled to any relief in any form, whether legal or equitable, against Defendants.

Furthermore, these Answering Defendants assert the following affirmative defenses to Plaintiff's Complaint and each and every cause of action contained therein:

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiff's claims are barred by applicable statutes of limitation including, but not limited to, those set forth in the California Civil Code, California Labor Code, California Code of Civil Procedure §§ 335.1, 337, 338(a), 338(d), 339, 340(1), and 343, California Government Code § 12940 *et seq.*, and applicable federal limitations.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

Plaintiff fails to state sufficient facts in the Complaint to constitute any cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE

#### (Acts of Third Parties)

Any damages Plaintiff suffered as alleged in the Complaint and all causes of action were the result of acts of third parties.

### FOURTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences Doctrine)

As a defense to Plaintiff's First Cause of Action, Defendants took reasonable steps to prevent and correct alleged sexual harassment in the workplace.  Plaintiff unreasonably failed to use the preventive and

1

1  corrective measures for sexual harassment that Defendants provided. Reasonable use of Defendants'
2  procedures would have prevented some or all of Plaintiff's harm.

### FIFTH AFFIRMATIVE DEFENSE

(Bona Fide Occupational Qualification)

5  As a defense to Plaintiff's First Cause of Action, job requirements were reasonably necessary for
6  the operation of the Answering Defendants' business.

### SIXTH AFFIRMATIVE DEFENSE

(Absence of Termination)

9  As a defense to Plaintiff's Third and Fifth Causes of Action, the Answering Defendants did not
10  terminate Plaintiff's employment.

### SEVENTH AFFIRMATIVE DEFENSE

(Privileged Conduct)

13  As a defense to Plaintiff's Fourth Cause of Action, the Answering Defendants exercised their
14  legal right to operate their business or protect their economic interests. Defendants' conduct was lawful
15  and consistent with community standards. Defendants had a good-faith belief that they had a legal right
16  to engage in the conduct.

### EIGHTH AFFIRMATIVE DEFENSE

(Worker's Compensation Preemption)

19  At the time of Plaintiff's alleged injuries, both the Answering Defendants and Plaintiff were
20  subject to the compensation provisions of the worker's compensation laws in the State of California and
21  therefore Plaintiff's claims in the Complaint and each of the causes of action therein were preempted.

### NINTH AFFIRMATIVE DEFENSE

(Labor Management Relations Act § 301 Preemption)

24  Plaintiff's claims regarding Cal. Gov. Code § 12940 *et seq.*, sexual assault and battery,
25  retaliation, intentional infliction of emotional distress, and workplace and employee safety require
26  interpretation and application of a collective bargaining agreement and thus are preempted by the Labor
27  Management Relations Act, Section 301.

28

2

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each cause of action therein are barred by the doctrine of waiver due to Plaintiff's conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is stopped from asserting any and all rights against Defendants due to Plaintiff's conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff, by her words and deeds, has consented to the alleged conduct by Defendants, and by reason of such consent, Plaintiff is barred from seeking or securing the relief prayed for in the Complaint and each of the causes of action therein.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiff's claims in the Complaint and each of the causes of action therein are offset by Plaintiff's own conduct causing Defendants to sustain damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to use reasonable diligence to mitigate or attempt to mitigate her injuries or damages, if in fact any injuries or damages have been or will be sustained, and any recovery for Plaintiff as to each of her causes of action must be diminished or barred by reason thereof.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts/Omissions of Plaintiff)

Without conceding any acts of Defendants have caused damage to Plaintiff, Defendants allege that any and all events and happenings, injuries, loss, expenditures, and damages referred to in the

3

1 Complaint and each of the causes of action therein were either in whole or in part directly and

2 proximately caused by the acts/omissions of Plaintiff herself.

3 ### SIXTEENTH AFFIRMATIVE DEFENSE

4 (Unclean Hands)

5 Plaintiff is not entitled to the relief sought by reason of her own unclean hands with regard to the

6 matters alleged in the Complaint. The Complaint, and each cause of action therein, are barred by the

7 approval and ratification of the actions complained of therein.

8 ### SEVENTEENTH AFFIRMATIVE DEFENSE

9 (Outside Scope of Employment)

10 The alleged acts of others on which Plaintiff bases her claims were all undertaken outside the

11 scope of their agency and/or employment with the Answering Defendants and without the knowledge

12 and consent of the Answering Defendants, such that Answering Defendants may not be held liable.

13 ### EIGHTEENTH AFFIRMATIVE DEFENSE

14 (Laches)

15 Plaintiff unreasonably delayed in providing notice and in commencing and prosecuting this

16 action which caused unfair prejudice to Defendants, barring any recovery for Plaintiff's causes of action

17 against Defendants under the equitable doctrine of laches.

18 ### NINETEENTH AFFIRMATIVE DEFENSE

19 (Unconstitutionality of Punitive Damages)

20 To the extent punitive damages are sought against Defendants, the Complaint and each cause of

21 action alleged therein fail to state facts sufficient to justify an award of punitive damages and that the

22 Complaint and each cause of action therein fail to state sufficient and specific facts to support the

23 underlying allegations.  Further, Plaintiff's claims for punitive damages are unconstitutional and invalid

24 in that they violate the United States Constitution, including but not limited to the Due Process Clause

25 and the Fifth, Sixth, and Eighth Amendments.

26

27

28

4

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

As a defense to each cause of action alleged in the Complaint, Defendants' actions were justified by a legitimate business reason.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Breach of Duties)

Defendants, upon information and belief, allege that Plaintiff willfully breached her duties and obligations in the course of her employment in that she failed to conduct herself in a manner consistent with the rules, regulations, policies, and/or procedures of the Answering Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred to the extent she has failed to exhaust the required administrative remedies under the California Government Code and California Labor Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Misconduct)

Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, and/or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by Plaintiff's conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Compliance with All Laws)

As a defense to each cause of action alleged in the Complaint, Answering Defendants acted in good faith and were in compliance or substantial compliance with all applicable laws and statutes.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants' actions concerning the matters alleged in the Complaint, if any, were taken in good faith.

**DEFENDANTS' ANSWER TO COMPLAINT**

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a defense to each cause of action alleged in the Complaint, if any Defendants were negligent, the conduct of all other parties, both known and unknown, should be compared to determine degree of fault, if any, between the parties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

As a defense to each cause of action alleged in the Complaint, Plaintiff was careless and negligent in her words and deeds, and thus was comparatively at fault and any damages recovered by Plaintiff should be reduced, abated, or eliminated to the extent Plaintiff's fault caused or contributed to Plaintiff's damages, if any.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Causation)

Defendants' conduct is not the cause in fact, nor the proximate cause, of any injury, loss, or damage alleged by Plaintiff in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Degree of Care, Labor Code § 2854)

Plaintiff failed to exercise a reasonable degree of care and diligence in her employment with Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Compliance with Directions of Employer, Labor Code § 2856)

Plaintiff failed to substantially comply with all the directions of her employer Defendants concerning the services she was engaged to perform.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Degree of Skill, Labor Code § 2858)

Plaintiff failed to exercise a reasonable degree of skill towards her employment with Defendants.

6

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Culpable Negligence, Labor Code § 2865)

Plaintiff is guilty of a culpable degree of negligence and is liable to Defendants for the damage thereby caused to Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Abandonment)

As a defense to Plaintiff's Third and Fifth Causes of Action, Plaintiff abandoned her employment with Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Right to Amend)

The Answering Defendants reserve the right to amend and/or add additional affirmative defenses, to the extent allowed by law, as such affirmative defenses may become known to Defendants in the future.

## PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants pray for judgment as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by this action;

3.     That Defendants be awarded their costs of suit and attorneys' fees incurred herein to the extent permitted under applicable law, including, but not limited to, Cal. Civ. Code Section 3426.4; and

4.     That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: July 31, 2013

GONZALEZ SAGGIO & HARLAN LLP
John P. Schaedel
Rebecca S. Raizman


By:  _____
Rebecca S. Raizman
Attorneys for Defendants

7

DEFENDANTS' ANSWER TO COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA                  )
                                     ) ss.
COUNTY OF LOS ANGELES                )

    I reside in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 2 North Lake Avenue, Suite 930, Pasadena, CA 91101.

    On July 31, 2013, I served the foregoing document(s) described as: **DEFENDANTS' ANSWER TO COMPLAINT** on the parties in this action as follows:

Nancy L. Abrolat                    *Attorneys for Heidi Horst*
Edward E. Kim
ABROLAT LAW PC
The Plaza at Continental Park
840 Apollo Street, Suite 321
El Segundo, CA 90245
F: 310-615-0009

**XX**   (BY U. S. MAIL) I enclosed the documents in a sealed envelope addressed to the person(s) at the address(es) above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

      (BY PERSONAL SERVICE) I caused to be delivered the documents listed above to be received and delivered on the same date by the person(s) listed above.

      (BY NORCO DELIVERY) I caused said envelope(s) to be delivered overnight via NORCO delivery service in lieu of delivery by mail to the above persons(s).

      (BY ELECTRONIC SERVICE) I caused such document(s) to be sent to the above person(s) at the electronic notification address(es) above

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct

Executed on July 31, 2013 at Pasadena, California

Amanda Smith

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA          )
                                ) ss.
3  COUNTY OF LOS ANGELES        )

4          I reside in the County of Los Angeles, State of California.  I am over the age of eighteen and
   not a party to the within action.  My business address is 2 North Lake Avenue, Suite 930, Pasadena,
5  CA 91101.

6          On August 1, 2013, I served the foregoing document(s) described as:  **DEFENDANTS'
   NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT** on the
7  parties in this action as follows:

8  Nancy L. Abrolat                 ***Attorneys for Heidi Horst***
   Edward E. Kim
9  ABROLAT LAW PC
   The Plaza at Continental Park
10 840 Apollo Street, Suite 321
   El Segundo, CA 90245
11 F: 310-615-0009

12

13 <u>XX</u>    (BY U. S. MAIL) I enclosed the documents in a sealed envelope addressed to the person(s) at
   the address(es) above.  I am "readily familiar" with the firm's practice of collection and processing
14 correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on
   that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of
15 business.  I am aware that on motion of the party served, service is presumed invalid if postal
   cancellation date or postage meter date is more than one day after date of deposit for mailing
16 affidavit.
          _____(BY PERSONAL SERVICE) I caused to be delivered the documents listed above to be
17 received and delivered on the same date by the person(s) listed above.

18        _____(BY NORCO DELIVERY) I caused said envelope(s) to be delivered overnight via NORCO delivery
   service in lieu of delivery by mail to the above persons(s).
19

20        _____(BY ELECTRONIC SERVICE) I caused such document(s) to be sent to the above person(s) at
          electronic notification address(es) above
21

22        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23        Executed on August 1, 2013 at Pasadena, California

24                                                    _____
25                                                    Amanda Smith

26

27

28

1
**PROOF OF SERVICE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Ronald S.W. Lew _____ and the assigned Magistrate Judge is _____ Andrew J. Wistrich _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV5559 RSWL AJWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

__August 1, 2013__
Date

By  J.Prado _____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**